IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MELVIN L. WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 08-168-GMS |
| | ) |
| STATE OF DELAWARE, and | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

**ORDER**

At Wilmington this 13th day of May, 2008;

IT IS ORDERED that:

1. Petitioner Melvin L. Williams' petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies. (D.I. 1) A district court judge may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims. 28 U.S.C. § 2254(b)(1)(A). In his petition, Williams indicates that his motion for post-conviction relief pursuant to Delaware Superior Court Rule 61 is still pending before the Delaware Superior Court. Accordingly, it plainly appears that Williams is not entitled to federal habeas relief because he has not yet exhausted state remedies.[1]

---

[1] Petitions filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Williams is responsible for determining the events that trigger and toll the limitations

2. The court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2.

3. The clerk of the court is directed close the case.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

FILED
MAY 13 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

---

period, as well as the time remaining in the limitations period once it starts again after such tolling.